J-S13022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY HAPPEL | : | |
| | : | |
| Appellant | : | No. 1129 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 18, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000602-2022

BEFORE: KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY BECK, J.: **FILED: June 7, 2024**

Anthony Happel ("Happel") appeals from the judgment of sentence imposed following his guilty plea to persons not to possess a firearm and possession with intent to deliver a controlled substance. As Happel has failed to pay the requisite filing fee for his notice of appeal, despite numerous reminders and warnings to do so, we dismiss this appeal.

Based upon our resolution of this appeal, a recitation of the facts is unnecessary. Pertinently, Happel filed a timely notice of appeal but did not pay the required filing fee for the appeal. *See* Pa.R.A.P. 2701(a) ("A person upon filing any paper shall pay any fee therefor prescribed by law."); Pa.R.A.P. 905(c) ("The appellant upon filing the notice of appeal shall pay any fees

_____

[*] Former Justice specially assigned to the Superior Court.

therefor (including docketing fees in the appellate court) prescribed by Chapter 27").[1]  Our Prothonotary's office sent Happel's counsel a letter, notifying him that the filing fee was overdue and he was responsible for promptly remitting the fee.  Receiving no response, this Court entered a per curiam order, directing Happel's counsel to pay the filing fee and warning that a failure to comply may result in dismissal of the appeal.  **See Commonwealth v. Happel**, 1129 WDA 2023 (Pa. Super. filed May 6, 2024) (per curiam order).  Happel did not pay the filing fee for the notice of appeal, and the docket reflects that he still owes the fee of $90.25.

This Court has previously stated the following:

An appellate court certainly has the authority to dismiss an appeal on the basis of failure to tender the required fee; however, that authority is a discretionary remedy which the appellate court can impose if circumstances warrant.  Dismissal is therefore not obligatory in all instances.  Appropriate circumstances warranting dismissal of an appeal by an appellate court would be, for example, if the filing party unduly delays paying the requisite fee, or unduly delays seeking leave to appeal in forma pauperis.  If also it has been demonstrated that a litigant has deliberately failed to remit a required filing fee, or exhibited a clear pattern of attempting to cause delay in legal proceedings by repeatedly filing appeals, and then failing to timely remit the appropriate fees, this Court will not hesitate to impose the sanction of dismissal, and any other sanctions that we deem appropriate.

**First Union Nat. Bank v. F.A. Realty Investors Corp.**, 812 A.2d 719, 723 (Pa. Super. 2002); **accord Kovalchuk v. Kovalchuk**, 305 A.3d 997 (Pa.

---

[1] Happel has not indicated he is proceeding in forma pauperis.

Super. filed Sept. 19, 2023) (non-precedential decision). Despite our Prothonotary's reminder and this Court's explicit order, we conclude that Happel has intentionally failed to remit the required fees. We therefore dismiss his appeal.[2]

Appeal dismissed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/07/2024

---

[2] We note that Happel is free to file a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of his direct appeal rights based upon his counsel's ineffectiveness for failing to pay the filing fee. *See Commonwealth v. Parrish*, 224 A.3d 682, 695 (Pa. 2020) (noting that the failure to perfect a direct appeal, which results in dismissal of the appeal, constitutes ineffectiveness per se of appellate counsel).